IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                       Case No. 2:17-CR-20024-001 & -003

JOSE ESCALANTE and JOSE ALONSO GARCIA                        DEFENDANTS

## OPINION AND ORDER

Before the Court are Defendants Jose Escalante and Jose Alonso Garcia's motions for retesting of drug quantity and quality and for approval of expenditures (Docs. 80 and 81). The Government has filed a response (Doc. 82). The motions will be denied.

On October 25, 2017, Defendants were charged by indictment with several offenses stemming from the distribution of methamphetamine. Each Defendant is represented by counsel appointed pursuant to 18 U.S.C. § 3006A. Both Defendants are charged in Count One with conspiracy to distribute a mixture or substance containing methamphetamine and in Count Three with aiding and abetting the distribution of 5 grams or more of methamphetamine. Escalante alone is charged in Count Two with distribution of a mixture or substance containing methamphetamine, in Count Four with distribution of 50 grams or more of methamphetamine, and in Count Five with 5 grams or more of methamphetamine. Each Defendant seeks retesting of the substances attributed to him in the indictment.

Defendants request that the Court appoint an independent lab to provide expert services in retesting the seized substances because Defendants dispute the DEA chemical analysis report provided to them during discovery. Defendants also ask that the Court authorize funds to pay for the retesting. The Court may authorize funding for "investigative, expert, or other services necessary for adequate representation" when a Defendant is financially unable to obtain those

1

services. 18 U.S.C. § 3006A.[1] "In analyzing a request for services, the court is to consider whether the defendant has demonstrated a reasonable probability that the requested expert would aid in his defense and whether denial of expert assistance would result in an unfair trial." *United States v. Thornberg*, 676 F.3d 703, 707 (8th Cir. 2012). "The court need not appoint an expert unless it is convinced that such services are necessary to an adequate defense." *United States v. Greschner*, 802 F.2d 373, 377 (10th Cir. 1986). The defendant has the burden of showing necessity. *Id*. The defendant must "articulate a reasonable basis for this request." *United States v. Norwood*, 798 F.2d 1094, 1100 (7th Cir. 1984). A court generally must conduct an ex parte proceeding for an application as required by statute, unless the defendant's motion fails to state why the requested services are necessary. *United States v. Bercier*, 848 F.2d 917, 919 (8th Cir. 1988).

Neither Defendant has met even the minimal burden to state why the requested services are necessary, let alone demonstrated a reasonable probability that appointment of an expert is necessary to aid in his defense and prevent an unfair trial. Defendants do not appear to dispute that the seized substances actually contained methamphetamine, but only disagree with the weight and/or purity results contained in the DEA chemical analysis report.

DEA test results for the methamphetamine seized seized in relation to Count Two indicate a net weight of 3.4 grams at 98.4% purity, resulting in an actual amount of 3.3 grams of methamphetamine. A retest of the substance seized in connection with Count Two would have to reveal the presence of no methamphetamine for the retest to have any bearing on Escalante's guilt or innocence on Count Two.

---

[1] Defendants cite to Local Rule 83.6, which allows reimbursement of expenses in cases where counsel has been appointed pursuant to 28 U.S.C. § 1915. Section 1915 allows appointment of counsel who accept the Court's request to represent indigent counsel in civil cases, and not criminal cases. 18 U.S.C. § 3006A is the appropriate statutory authority on this motion.

DEA test results for the methamphetamine seized in relation to Count Three indicate a net weight of 55.453 grams at 97% purity, resulting in an actual amount of 53.789 grams of methamphetamine. Assuming the DEA correctly measured the net weight of this substance, the purity on retesting would have to be less than 9.1% methamphetamine to have any bearing on a Defendant's guilt or innocence on Count Three. Assuming the DEA correctly measured the purity of this substance, the net weight on retesting would have to be less than 5.15 grams to have any bearing on guilt or innocence.

DEA test results for the methamphetamine seized in relation to Count Four indicate a net weight of 85.4 grams at 96% purity, resulting in an actual amount of 81.9 grams of methamphetamine. Assuming the DEA correctly measured the net weight of this substance, the purity on retesting would have to be less than 58.6% methamphetamine to have any bearing on Escalante's guilt or innocence on Count Four. Assuming the DEA correctly measured the purity of this substance, the net weight on retesting would have to be less than 52 grams to have any bearing on guilt or innocence.

DEA test results for the methamphetamine seized in relation to Count Five indicate a net weight of 20.877 grams at 99% purity, resulting in an actual amount of 20.668 grams of methamphetamine. Assuming the DEA correctly measured the net weight of this substance, the purity on retesting would have to be less than 24% methamphetamine to have any bearing on Escalante's guilt or innocence on Count Five. Assuming the DEA correctly measured the purity of this substance, the net weight on retesting would have to be less than 5.05 grams to have any bearing on guilt or innocence.

Neither Defendant has submitted any evidence that the DEA did not accurately test the seized methamphetamine, or that the DEA tested incorrect samples, or of similar circumstances.

Rather, the only basis given for retesting is each Defendant's subjective and conclusory belief that the methamphetamine he is accused of distributing was less pure or weighed less than the Government now charges. The difference between the DEA results and what the retesting results would have to be before retesting would aid in defense or be necessary for a fair trial is so profound that some other basis than Defendant's conclusory disagreement is necessary before the Court will appoint an expert and authorize funds.

    IT IS THEREFORE ORDERED that Defendants' motions (Docs. 80 and 81) are DENIED.

    IT IS SO ORDERED this 12 day of April, 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE